# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CEDRIC ANTONIO WRIGHT and<br>GAGE RUPP,<br><br>    Defendants. | Case No. 18-CR-15-LTS<br><br>**REPORT AND RECOMMENDATION** |

_____

Defendants Cedric Antonio Wright and Gage Rupp move to dismiss charges of carrying a weapon in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Docs. 91, 107. They argue that in in the wake of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), neither robbery under the Hobbs Act, 18 U.S.C. § 1951(a) (Wright and Rupp), nor carjacking under 18 U.S.C. § 2119(1) (Wright) constitutes a crime of violence for purposes of § 924(c). The United States (the Government) resists. Docs. 106, 115. I recommend **denying** the motions to dismiss (Docs. 91, 107).

Wright and Rupp were both charged with carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 7), based on the underlying charge of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 5).[1] Doc. 99. For the robbery count, the indictment charges the Defendants with "obstruct[ing], delay[ing], and affect[ing] . . . commerce by robbery" (as well as attempting a robbery and aiding and abetting a robbery) by taking property from a store employee "by means of actual and threatened force, violence, and fear of injury, immediate and future." Doc.

---

[1] As relevant here, the charges and count numbers are the same between the Third Superseding Indictment (Doc. 80, pending when Wright and Rupp filed their motions) and the Fourth Superseding Indictment (Doc. 99, currently pending).

99. Wright was also charged with another § 924(c) count (Count 2) based on the underlying charge of carjacking, in violation of 18 U.S.C. § 2119(1) (Count 1). Doc. 99. The indictment describes the carjacking count as taking a motor vehicle from a victim "by force, violence, and intimidation, with the intent to cause death and serious bodily harm." Doc. 99.

Both Wright and Rupp move to dismiss the § 924(c) charges, arguing that neither Hobbs Act robbery nor carjacking constitutes a crime of violence. "Crime of violence" for purposes of § 924(c) is defined as:

> [A]n offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to subsection (A) as the "elements" clause and subsection (B) as the residual clause. *See, e.g.*, *Gutierrez v. United States*, No. CIV. 16-5055, 2016 WL 4051821, at *2 (D.S.D. July 27, 2016). Wright and Rupp focus their argument on the residual clause, which they argue is unconstitutionally vague in light of *Dimaya*, 138 S. Ct. 1204. They offer only one sentence in relation to the elements clause, stating generally that Hobbs Act robbery and carjacking "fail[] to qualify," without any additional argument or citations. *See* Doc. 91-1 at 1; Doc. 107-1 at 1. The Government argues that the constitutionality of the residual clause is irrelevant here because Hobbs Act robbery and carjacking both constitute crimes of violence under the elements clause (an argument that neither Defendant filed reply briefs to refute). *See also Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) (holding that even if the residual clause of § 924(c) is unconstitutionally vague, the elements clause is unaffected).

Violations of the Hobbs Act are defined as:

> obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempt[ing] or conspir[ing] so to do, or commit[ting] or threaten[ing] physical violence

2

>to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

18 U.S.C. § 1951(a). Hobbs Act robbery (as opposed to a different violation of the Hobbs Act, such as extortion) requires taking property against a person's will "by means of actual or threatened force, or violence, or fear of injury, immediate or future." *Id.* § 1951(b)(1). The Eighth Circuit has held that "Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another'" and therefore "qualif[ies] as a crime of violence under" the elements clause of § 924(c). *Diaz*, 863 F.3d at 783 (quoting *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016)); *see also In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that aiding and abetting a Hobbs Act robbery also constitutes a crime of violence under the elements clause).

Carjacking under § 2119 also meets the definition of crime of violence under the elements clause. Carjacking is defined as "with the intent to cause death or serious bodily harm[,] tak[ing] a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempt[ing] to do so." 18 U.S.C. § 2119. Every court of appeals to address this issue has held that intimidation involves a threatened use of force and that carjacking qualifies as a crime of violence under the elements clause of 924(c). *See United States v. Cruz-Rivera*, No. 16-1321, 2018 WL 4378173, at *2 (1st Cir. Sept. 14, 2018); *United States v. Kundo*, No. 16-4128, 2018 WL 3613211, at *1 (10th Cir. July 27, 2018) (unpublished); *United States v. Gutierrez*, 876 F.3d 1254, 1256-57 (9th Cir. 2017) (collecting cases from the Fourth, Fifth, and Eleventh Circuits); *see also United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (analyzing intimidation in the context of bank robbery under § 2113(a)). I recommend holding that carjacking "has as an element the use, attempted use, or threatened use of physical force" and constitutes a crime of violence for purposes of § 924(c)(3)(A).

Therefore, I recommend that Wright's and Rupp's motions to dismiss (Docs. 91, 107) be **denied**.

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

DATED this 28th day of September, 2018.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa