# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

CEDRIC ANTONIO WRIGHT and
GAGE RUPP,

   Defendants.

No. CR18-15-LTS

**ORDER**

_____

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendants' motions (Doc. Nos. 91 and 107) to dismiss charges (Count 2 as to Wright and Count 7 as to both defendants) of carrying a weapon in relation to a crime of violence under 18 U.S.C. § 924(c). *See* Doc. No. 124.

## *I. BACKGROUND*

On July 11, 2018, the grand jury returned a third superseding indictment (Doc. No. 80) against defendants Cedric Antonio Wright and Gage Rupp. As to Wright, the indictment alleges the following:

- Count 1 – Carjacking in violation of 18 US.C. § 2119(1)

- Count 2 – Carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)

- Count 3 – Possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and (g)(3)

- Count 5 – Interference and attempted interference with commerce by threats and violence in violation of 18 U.S.C. § 1951(a)

- Count 6 – Conspiracy to interfere and attempt to interfere with commerce by threats and violence in violation of 18 U.S.C. § 1951(a)

- Count 7 – Carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

*See* Doc. No. 80. Counts 5, 6, 7 are also alleged against Rupp, in addition to Count 4 alleging possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3) and (g)(9).

Rupp filed a motion (Doc. No. 91) to dismiss Count 7 and Wright filed a motion (Doc. No. 107) to dismiss Counts 2 and 7.[1,2] The Government filed resistances (Doc. Nos. 106 and 115). Judge Mahoney issued her R&R (Doc. No. 124) on September 28, 2018. No objections were filed. Trial is scheduled for November 26, 2018.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

---

[1] While Rupp's motion (Doc. No. 91) to dismiss was pending, the Government filed a Fourth Superseding Indictment on August 8, 2018, alleging additional factual allegations as to Count 2 against Wright. *See* Doc. No. 99. This did not change the numbering of the counts. As such, Judge Mahoney cited to the Fourth Superseding Indictment (Doc. No. 99) throughout her R&R.

[2] Rupp has a separate pending motion (Doc. No. 94) to dismiss Counts 4 and 7 based on other grounds.

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.    THE R&R

Wright seeks to dismiss Count 2 and both defendants seek to dismiss Count 7. Judge Mahoney provided the following background with regard to these counts:

> Wright and Rupp were both charged with carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 7), based on the underlying charge of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 5). Doc. 99. For the robbery count, the indictment charges the Defendants with "obstruct[ing], delay[ing], and affect[ing] . . . commerce by robbery" (as well as attempting a robbery and aiding and abetting a robbery) by taking property from a store employee

3

"by means of actual and threatened force, violence, and fear of injury, immediate and future." Doc. 99. Wright was also charged with another § 924(c) count (Count 2) based on the underlying charge of carjacking, in violation of 18 U.S.C. § 2119(1) (Count 1). Doc. 99. The indictment describes the carjacking count as taking a motor vehicle from a victim "by force, violence, and intimidation, with the intent to cause death and serious bodily harm." Doc. 99.

Doc. No. 124 at 1-2. She then analyzed their arguments as follows:

> Both Wright and Rupp move to dismiss the § 924(c) charges, arguing that neither Hobbs Act robbery nor carjacking constitutes a crime of violence. "Crime of violence" for purposes of § 924(c) is defined as:
>
>> [A]n offense that is a felony and –
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> 18 U.S.C. § 924(c)(3). Courts commonly refer to subsection (A) as the "elements" clause and subsection (B) as the residual clause. *See e.g., Gutierrez v. United States*, No. CIV. 16-5055, 2016 WL 4051821, at *2 (D.S.D. July 27, 2016). Wright and Rupp focus their argument on the residual clause, which they argue is unconstitutionally vague in light of *Dimaya*, 138 S. Ct. 1204. They offer only one sentence in relation to the elements clause, stating generally that Hobbs Act robbery and carjacking "fail[] to qualify," without any additional argument or citations. *See* Doc. 91-1 at 1; Doc. 107-1 at 1. The Government argues that the constitutionality of the residual clause is irrelevant here because Hobbs Act robbery and carjacking both constitute crimes of violence under the elements clause (an argument that neither Defendant filed reply briefs to refute). *See also Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) (holding that even if the residual clause of § 924(c) is unconstitutionally vague, the elements clause is unaffected).
>
>> Violations of the Hobbs Act are defined as:
>>
>> obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce, by

4

> robbery or extortion or attempt[ing] or conspir[ing] so to do, or commit[ting] or threaten[ing] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

18 U.S.C. § 1951(a). Hobbs Act robbery (as opposed to a different violation of the Hobbs Act, such as extortion) requires taking property against a person's will "by means of actual or threatened force, or violence, or fear of injury, immediate or future." *Id.* § 1951(b)(1). The Eighth Circuit has held that "Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another'" and therefore "qualif[ies] as a crime of violence under" the elements clause of §924(c). *Diaz*, 863 F.3d at 783 (quoting *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016)); *see also In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that aiding and abetting a Hobbs Act robbery also constitutes a crime of violence under the elements clause).

Carjacking under § 2119 also meets the definition of crime of violence under the elements clause. Carjacking is defined as "with the intent to cause death or serious bodily harm[,] tak[ing] a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, attempt[ing] to do so." 18 U.S.C. § 2119. Every court of appeals to address this issue has held that intimidation involves a threatened use of force and that carjacking qualifies as a crime of violence under the elements clause of 924(c). *See United States v. Cruz-Rivera*, No. 16-1321, 2018 WL 4378173, at *2 (1st Cir. Sept. 14, 2018); *United States v. Kundo*, No. 16-4128, 2018 WL 3613211, at *1 (10th Cir. July 27, 2018) (unpublished); *United States v. Gutierrez*, 876 F.3d 1254, 1256-57 (9th Cir. 2017) (collecting cases from the Fourth, Fifth, and Eleventh Circuits); *see also United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (analyzing intimidation in the context of bank robbery under § 2113(a)). I recommend holding that carjacking "has as an element the use, attempted use, or threatened use of physical force" and constitutes a crime of violence for purposes of § 924(c)(3)(A).

Therefore, I recommend that Wright's and Rupp's motions to dismiss (Docs. 91, 107) be denied.

Doc. No. 124 at 2-3.

## IV.   DISCUSSION

Because none of the parties objected to the R&R, I have reviewed it for clear error. I agree with Judge Mahoney's analysis that both a Hobbs Act robbery and carjacking meet the definition of a crime of violence under the "elements" clause of 18 U.S.C. § 924(c). Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## V.   CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R (Doc. No. 124) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation:

    a. Rupp's motion (Doc. No. 91) to dismiss Count 7 is **denied**.

    b. Wright's motion (Doc. No. 107) to dismiss Counts 2 and 7 is **denied.**

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2018.

_____
Leonard T. Strand, Chief Judge